STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |
|---|---|
| In re: Rouleau Property appeals | } <br> } Docket Nos. 231-12-04 Vtec; 28-2-05 Vtec; <br> } 29-2-05 Vtec; 192-9-05 Vtec; and 193-9-05 Vtec <br> } |

Decision and Order on Motions for Partial Summary Judgment
in Docket Nos. 29-2-05 Vtec and 192-9-05 Vtec

The above-captioned appeals were taken from several decisions of the Zoning Board of Adjustment (ZBA) of the Town of Cabot. Landowner Marlynn Rouleau is represented by Lauren S. Kolitch, Esq.; neighbors Dale Wells, Judith Wells, Charles Aimi, Alice Aimi, and Joanne Davis are represented by Edward R. Zuccaro, Esq. and Robert R. Bent, Esq.; and the Town of Cabot is represented by Paul S. Gillies, Esq. In Docket No. 231-12-04 Vtec, Applicant Rouleau appealed the ZBA's reversal of the Zoning Administrator's grant of a zoning permit to move an existing non-conforming camp building farther from the lake. In Docket No. 28-2-05 Vtec, Ms. Rouleau appealed the denial of a variance to move the camp building. In Docket No. 29-2-05 Vtec, Ms. Rouleau appealed the denial of a zoning permit to construct a new single-family dwelling on the same lot with the existing camp building. In Docket No. 192-9-05 Vtec, the neighbors appealed the approval the change of use of the existing non-conforming camp building to an 'accessory structure,' while Ms. Rouleau appealed the condition that exterior decks be removed from the former camp building. In Docket No. 193-9-05 Vtec, the neighbors appealed the grant of a zoning permit to construct a new single-family dwelling and garage on the same lot as the converted camp building.

The Town moved for partial summary judgment on issues arising only in Docket

1

Nos. 29-2-05 Vtec and 192-9-05 Vtec. The following facts are undisputed unless otherwise noted. In Docket No. 192-9-05 Vtec, Applicant seeks approval to convert the use of an existing camp building, formerly used as a seasonal dwelling, to an accessory building, to be accessory to a new year-round dwelling for which approval is sought in Docket No. 29-2-05 Vtec. The existing camp building is located approximately ten feet from the shoreline of Joe's Pond, on a .89-acre lot with a lot frontage of 132.78 feet. Section 4.4 of the Zoning Regulations requires a 75-foot setback from the pond, requires a minimum lot size of one acre for residential uses, and requires a minimum lot frontage of 150 feet. The existing camp building is a 1½-story building with three bedrooms, one full bathroom and one half bathroom, a kitchen, a living room, and two decks. The approval of the conversion of the existing camp building to an accessory building (granted and appealed in Docket No. 192-9-05 Vtec) was conditioned on the removal of all the toilets and sinks and their disconnection from the existing sewage disposal system, as well as the removal of the kitchen range and the decks. Material facts are in dispute as to some aspects of the existing sewage disposal system, including its capacity.

The existing camp building is non-conforming with the shoreline setback. The existing lot is also non-conforming with the lot size and lot frontage requirements for residential uses. However, none of the parties has briefed any issues on summary judgment relating to these nonconformities, or, if §2.10 of the Zoning Regulations is applicable, whether any of the pending cases must be remanded or whether the Town wishes to request remand under V.R.E.C.P. 5(i). We will discuss those questions with the parties in the telephone conference scheduled in the final paragraph below.

Under §1.8 of the Zoning Regulations, an "accessory" building is defined as a building located on the same lot as the principal building and "customarily incidental and subordinate to the principal . . . building." Nothing in the Zoning Regulations prohibits approval of the conversion of an existing building that was formerly the principal building

2

on a lot to allow it to become accessory to a newly-approved principal building. However, in the present cases material facts are hotly disputed as to whether the proposed new principal building itself qualifies for approval, as well as to what extent the existing building is proposed to be incidental or subordinate to that proposed new principal building, and to what extent that proposed incidental use may be customary.

The proposal does not qualify for consideration under 24 V.S.A. §4412(1)(E), as it does not meet the setback requirement of 24 V.S.A. §4412(1)(E)(iii) and does not meet the requirement of 24 V.S.A. §4412(1)(E) that it be an efficiency or one-bedroom apartment. Further, the approval appealed in Docket No. 192-9-05 Vtec required the kitchen and bathroom facilities to be removed, which would disqualify the existing building from consideration under 24 V.S.A. §4412(1)(E), as that section requires that it have facilities for independent living. In any event, material facts are in dispute as to whether the property as a whole has sufficient wastewater capacity for the proposed new dwelling and for the existing building if it were to be used as an accessory dwelling. 24 V.S.A. §4412(1)(E)(i).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED in Docket Nos. 29-2-05 Vtec and 192-9-05 that the Town's Motion for Summary Judgment is GRANTED in part, in that nothing in the Zoning Regulations prohibits the possibility of converting an existing building to an accessory building, to be accessory to a newly-approved principal building, but it is otherwise DENIED, in that in the present appeals, as discussed above, material facts are in dispute. Summary Judgment is GRANTED to the Neighbors that the proposal fails to qualify for consideration as a permitted accessory dwelling unit under 24 V.S.A. §4412(1)(E).

A conference is hereby scheduled (see enclosed notice) in all five related cases, to discuss whether all discovery has occurred; to discuss the status of the related superior

3

court litigation; to discuss whether any party is making an argument in any case under §2.10 of the Zoning Regulations; and to discuss the timing of the hearing on the merits now scheduled for March 16 and March 17, 2006. If any party will be requesting any change to that schedule, please inform the other parties well in advance of the conference, so that all parties can be prepared at the conference with the unavailable dates of all participants (including expert witnesses) between March 8 and June 9, 2006.

  Done at Berlin, Vermont, this 30th day of January, 2006.


_____

  Merideth Wright
  Environmental Judge

4